REJECTED PURSUANT TO RULE 79.2(C)
COURT OF CRIMINAL APPEALS

March 23, 2017

ABEL ACOSTA, CLERK

PD-1406&1407-16
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/23/2017 9:11:42 AM
Accepted 3/23/2017 9:40:22 AM
ABEL ACOSTA
CLERK

No. PD-1406-16
No. PD-1407-16

| | | |
|---|---|---|
| **MARK KEN TAFEL** | § | **IN THE COURT OF** |
| | § | |
| **v.** | § | **CRIMINAL APPEALS** |
| | § | |
| **THE STATE OF TEXAS** | § | **OF TEXAS** |

## APPELLANT'S MOTION FOR REHEARING

COMES NOW MARK KEN TAFEL, Appellant in the above-styled and numbered cause, and makes and files this Motion for Rehearing, and in support thereof shows the Court as follows:

I.

Appellant sought discretionary review of a decision by a divided Waco Court of Appeals that use of the phrase "do not apply" in section 46.035(i) of the Penal Code constitutes a defense rather than an exception. The Waco majority applied section 2.03(e) of the Penal Code to reach this conclusion. *Tafel v. State*, No. 10-14-00019-CR, slip op. at 3, 2016 WL 4573106 (Tex. App.—Waco Aug. 31, 2016, pet. filed). Chief Justice Gray disagreed and concluded that the phrase establishes an exception. *Tafel v. State*, No. 10-14-00019-CR, slip op. at 34, 2016 WL 4573106 (Tex. App.—Waco Sept. 7, 2016) (Gray, C.J., dissenting). Resolution of this issue impacted two of the three issues

RECEIVED IN
COURT OF CRIMINAL APPEALS

March 23, 2017

ABEL ACOSTA, CLERK

presented in Appellant's PDR. This Court denied the PDR. Presiding Judge Keller and Judge Newell would have granted review.

## II.

Appellant presumes the primary motivation for the Court's ruling was the Court's intervening decision in *Baumgart v. State*, No. PD-1358-15, 2017 WL 782725 (Tex. Crim. App. Mar. 1, 2017). There, the Court relied primarily on section 2.03(e) to conclude that the phrase "do[es] not apply" indicates a defense. *Id.*, slip op. at 14, 2017 WL 782725, at *6. The Court then observed how this conclusion is consistent with appellate interpretations of similar statutory provisions. *Id.*, slip op. at 14-17, 2017 WL 782725, at *6-7. What the Court failed to consider, however, was the Legislature's use of the term "defense" in the same statute as the phrase "do[es] not apply." Appellant asks the Court to grant rehearing and address the effect of the seeming conflicting use of these terms.

## III.

One treatise suggests that section 2.03(e) is not necessarily dispositive. "[C]ourts should favor a construction of a qualification as a 'defense' unless the legislature's language, the overall statutory scheme, or perhaps a combination evidence a legislative intention to have the matter treated as an

exception." 42 GEORGE E. DIX. & JOHN M. SCHMOLESKY, TEXAS PRACTICE SERIES: CRIMINAL PRACTICE AND PROCEDURE § 25:71 (3d ed. 2011).

This Court recognized as much in *Baumgart* when it cited the traditional rules for statutory construction from the Code Construction Act. *See Baumgart*, slip op. at 4-5, 2017 WL 782725, at *2. However, the Court omitted an important principle of statutory construction, namely, that "some effect must be given to every word of a statute." *See Garza v. State*, 213 S.W.3d 338, 349 (Tex. Crim. App. 2007); *see also* TEX. GOV'T CODE § 311.021(2) ("the entire statute is intended to be effective"). This principle significantly impacts the issue presented.

Section 46.035 uses both the term "defense" and the phrase "do not apply" in different subsections. Subsections (h), (h-1) and (k) expressly provide "defenses" to prosecution. *See* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 10.04, 1997 Tex. Gen. Laws 327, 412 (amended 2015). Conversely, subsections (j) and (l) contain the "do-not-apply" language also found in subsection (i). *Id.*

Appellant suggests that the Court should consider the "overall statutory scheme" in construing the meaning of the phrase "do not apply" in section 46.035(i). *See* DIX. & SCHMOLESKY § 25:71; *see also Garza*, 213 S.W.3d

at 349. By giving effect to every word in section 46.035, the Court should construe the phrase "do not apply" to mean something other than a defense.

IV.

Resolution of this issue necessarily impacts the Second Ground for Review presented in the PDR, namely, whether the State proved beyond a reasonable doubt under section 46.035(i) that Appellant received effective notice that he could not carry a concealed handgun to commissioners meetings. For if Appellant failed to receive effective notice, then the prohibitions of section 46.035 "do not apply."

WHEREFORE, PREMISES CONSIDERED, Appellant requests that the Court grant this Motion for Rehearing and such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

_/s/ Alan Bennett_
E. Alan Bennett
Counsel for Appellant
SBOT #02140700

Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Dr., Ste. 500
Waco, TX  76710
Telephone:        (254) 772-8022
Fax:                   (254) 772-9297
Email:        abennett@slmpc.com

## Certificate of Compliance

The undersigned hereby certifies, pursuant to Rule of Appellate Procedure 9.4(i)(3), that this computer-generated document contains 804 words.

*/s/ Alan Bennett*
E. Alan Bennett

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of this document has been served by email on March 23, 2017 to: (1) the elected district attorney, B.J. Shepherd, 220thda@gmail.com; (2) the special prosecutor, John Kuchera, johnkuchera@210law.com; and (3) the State Prosecuting Attorney, stacey.soule@SPA.texas.gov.

*/s/ Alan Bennett*
E. Alan Bennett